UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

ZHUHAI WINNERS M&E LTD., ZHUAHAI
LIBO TRADING CO. LTD, CHARTERLINK
INTERNATIONAL (HK) LIMITED, ZHUHAI
MING BO DEVELOPMENT CO. LTD, and
ZHUHAI WINNER ELECTROMECHANICAL
PROJECT CO, LTD,

Docket No.

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

Plaintiffs,

-against-

THE HUDSON VALLEY UMBRELLA
COMPANY, INC.,

Defendants.

---------------------------------------------------------X

1.      This is a lawsuit to recover from Defendant the past due payments owed

to Plaintiffs under applicable State and Federal Law.


### JURISDICTION AND VENUE


2.      This court has subject matter jurisdiction over the within civil action

pursuant to 28 U.S.C. §§ 1331, and 1332(a) where the civil action arises under the laws of the

United States, and the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and it is between five foreign corporations (plaintiffs) and one corporation of

New York (defendant).


3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

1

## THE PARTIES

4.     Plaintiff, ZHUHAI WINNERS M&E LTD. (hereinafter referred to as "WINNERS M&E"), is a foreign corporation duly organized and existing under the laws of the country of China.   WINNERS M&E has its principle place of business at 342 Qianshan Road, Xiangzhou District, Zhuhai, China.

5.     Plaintiff, ZHUHAI LIBO TRADING CO., LTD (hereinafter referred to as "LIBO"), is a foreign corporation duly organized and existing under the laws of the country of China.   LIBO has its principle place of business at 342 Qianshan Road, Xiangzhou District, Zhuhai, China.

6.     Plaintiff, CHARTERLINK INTERNATIONAL (HK) LIMITED (hereinafter referred to as "CHARTERLINK"), is a foreign corporation duly organized and existing under the laws of the country of China.   CHARTERLINK has its principle place of business at Flat C, 19/F, Lucky Plaza, 315-321 Lockhart Road, Wanchai, Hong Kong, China.

7.     Plaintiff, ZHUHAI MING BO DEVELOPMENT CO., LTD (hereinafter referred to as "MING BO"), is a foreign corporation duly organized and existing under the laws of the country of China.   MING BO has its principle place of business at 346-348 Qianshan Road, Zhuhai, China.

2

8.    Plaintiff, ZHUHAI WINNER ELECTROMECHANICAL PROJECT CO., LTD (hereinafter referred to as "Winner Project"), is a foreign corporation duly organized and existing under the laws of the country of China.  WINNER PROJECT has its principle place of business at Shop 1-5, 51 Chuangye Road, Xiangzhou District, Zhuhai, China.

9.    Plaintiffs, WINNERS M&E, LIBO, CHARTERLINK, MING BO, and WINNER PROJECT are owned by the same shareholder and all are involved in the concerned transactions with the Defendant. Hereinafter, they are collectively referred to as "Plaintiffs."

10.    Defendant, THE HUDSON VALLEY UMBRELLA COMPANY, INC. (hereinafter referred to as "Hudson" or "Defendant") is, upon information and belief, a corporation organized and existing under the laws of the State of New York.  HUDSON has its principal place of business at 200 N. Water Street, Peekskill, NY 10566 and 8 John Walsh Blvd, Peekskill, New York 10566 is listed with New York State's Department of State to receive service of process.

### AS AND FOR PLAINTIFFS'
### FIRST CAUSE OF ACTION:
### BREACH OF CONTRACT

11.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 10 inclusive, with the same force and effect as if fully set forth at length herein.

12.    That in and around October, 2006 to January 2008, Defendant submitted purchase orders with Plaintiffs for the sale and delivery of goods, wares and merchandise, specifically umbrellas. Defendant agreed to buy the umbrellas from Plaintiffs and Defendant would make payments upon receipt of the merchandise.

13.    During said period, Plaintiffs sold and delivered the goods, wares and merchandise to Defendant at Defendant's specific instance and request, and Defendant accepted the delivery of the merchandise in an amount of approximately $2,220,047.79.

14.    Defendant made payments on account in the combined amount of approximately $1,876,322.10, leaving an unpaid balance due and owing in an amount of $343,725.69.

15.    Plaintiffs demanded payment of the aforementioned sum but payment was refused leaving a balance due and owing in an amount $343,725.69.

16.    Defendant breached the contract.

17.    As a result, Plaintiffs incurred damages in an amount no less than $343,725.69.

4

## AS AND FOR PLAINTIFFS'
## SECOND CAUSE OF ACTION:
## BREACH OF IMPLIED-IN-FACT CONTRACT

18.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 17 inclusive, with the same force and effect as if fully set forth at length herein.

19.    The facts and circumstances of this case demonstrate that the parties intended to operate under a set course of dealing. The parties intended for there to be a binding contract between them.

20.    Defendant requested Plaintiffs to ship the merchandizes to it for which Plaintiffs expect to be paid.    Defendant benefits from Plaintiffs' performance.

21.    This implied contract in fact governed the parties' actions.

22.    By virtue of non-payment, Defendant has breached their implied-in-fact contractual obligations to Plaintiffs, and thus Plaintiffs are entitled to damages to be determined by this Court.

## AS AND FOR PLAINTIFFS'
### THIRD CAUSE OF ACTION:
### <u>UNJUST ENRICHMENT</u>

23.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 22 inclusive, with the same force and effect as if fully set forth at length herein.

24.     Defendant accepted and sold the merchandises shipped by Plaintiffs without remitting the full payment to Plaintiffs.   By such action, Defendant has been unjustly enriched at the expense of Plaintiffs.

25.     Plaintiffs are entitled to damages to be determined at trial.

## AS AND FOR PLAINTIFFS'
### FOURTH CAUSE OF ACTION:
### BREACH OF COVENANT OF
### <u>GOOD FAITH AND FAIR DEALING</u>

26.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 25 inclusive, with the same force and effect as if fully set forth at length herein.

27.     Defendant has failed to observe the reasonable commercial standards of fair dealing in the industry.

6

28.     Defendant has not taken reasonable efforts towards meeting their contractual obligations under the parties' contracts.

29.     Defendant has injured and prejudiced the rights of Plaintiffs.

30.     By virtue of Defendant's breach of covenant of good faith and fair dealing under the contracts, and Plaintiffs are entitled to damages to be determined by this Court at trial.

## AS AND FOR PLAINTIFFS'
## FIFTH CAUSE OF ACTION:
## AN ACCOUNT STATED

31.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 30 inclusive, with the same force and effect as if fully set forth at length herein.

32.     That an account was taken and stated between Plaintiffs and Defendant which showed a balance of $343,725.69 due and owing by Defendant to Plaintiffs.

33.     That no part of the sum of $343,725.69 has been paid, although duly demand.

34.     Plaintiffs are entitled to damages in the amount of $343,725.69.

7

## AS AND FOR PLAINTIFFS'
## FIFTH CAUSE OF ACTION:
## AN ACTION FOR THE PRICE UCC §2-709

35.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 34 inclusive, with the same force and effect as if fully set forth at length herein.

36.     Defendant failed to pay Plaintiffs for the price of the aforesaid merchandise it accepted when it became due.   Accordingly, pursuant to UCC §2-709, Plaintiffs are entitled to recover the price of the goods plus incidental expenses.

37.     The price of the accepted merchandise is $2,220,047.79.   After applying payments on account there remains a balance due and owing on the price of the goods in the amount of $343,725.69.

38.     Plaintiffs are therefore entitled to recover an amount of $343,725.69, plus incidental expenses to be proved at trial, together with interest and cost.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendant in an amount no less than $343,725.69, together with disbursements of the litigation costs and expenses, including attorney's fees and such other and further relief as the Court may deem just and reasonable.

8

Dated:    Flushing, New York
          July 16, 2008

                                        Yours, etc.

                                        DAI & ASSOCIATES, P.C.

                              By:    /s/

                                     Joel Scott Ray, Esq. (JR7750)
                                     Yuen Zheng, Esq. (YZ1975)
                                     Attorneys for Plaintiffs
                                     138-18 39th Ave, Suite 1102
                                     Flushing, New York 11354
                                     Tel: (718) 888-8880

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ZHUHAI WINNERS M&E LTD., ZHUHAI                         Docket No.:
LIBO TRADING CO., LTD., CHARTERLINK
INTERNATIONAL (HK) LIMITED, ZHUHAI
MING BO DEVELOPMENT CO. LTD, and
ZHUHAI WINNER ELECTROMECHANICAL                        **RULE 7.1 STATEMENT**
PROJECT CO, LTD,

                              Plaintiffs,

              -against-

THE HUDSON VALLEY UMBRELLA
COMPANY, INC.,

                              Defendant.

-------------------------------------------------------X

        Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiffs, ZHUHAI WINNERS M&E LTD., ZHUHAI LIBO TRADING CO., LTD., CHARTERLINK INTERNATIONAL (HK) LIMITED, ZHUHAI MING BO DEVELOPMENT CO. LTD, and ZHUHAI WINNER ELECTROMECHANICAL PROJECT CO, LTD (private non-governmental parties), certifies that there are no corporate parents, affiliates and/or subsidiaries of said Plaintiffs, because, upon information and belief, all the Plaintiffs are privately held corporations.

Dated: Flushing, New York
      July 16, 2008

                                        Yours, etc.

                                        DAI & ASSOCIATES, P.C.


                              By:    /s/
                                        Joel Scott Ray, Esq. (JR7750)
                                        Yuan Zheng, Esq. (YZ1975)
                                        Attorneys for Plaintiffs
                                        138-18 39th Ave, Suite 1102
                                        Flushing, New York 11354
                                        Tel: (718) 888-8880